## THE STATE v. FRANK SHUSTER, Appellant.

**Division Two, February 23, 1915.**

REPUTATION OF DEFENDANT: For Peace and Quiet: Not Put in Issue. The general rule in regard to the admissibility of testimony to affect a defendant's credibility as a witness when he testifies in his own behalf, is that the State may offer evidence showing his general reputation either for truth and veracity or for general bad character, although he may have offered no testimony concerning his general reputation; but if he does not put his reputation for peace and quiet in issue by offering testimony relating thereto, testimony concerning that cannot be introduced by the State, and if introduced over his objection and exception is reversible error. The reason of the rule is that, while evidence is admissible to show appellant's bad character generally, as affecting his credibility, testimony as to his being of a violent or turbulent disposition is no evidence of such bad character, and hence is inadmissible.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

*Harvey C. Clark, J. F. Smith* and *J. A. DeArmond* for appellant.

The trial court erred in permitting the State to impeach the general reputation of the defendant for peaceable conduct, such reputation not having been put in issue by the defendant. State v. Becker, 194 Mo. 288; State v. Richardson, 194 Mo. 342.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

We are of the opinion that the court committed prejudicial error in permitting the State, over appellant's objection and exception, to impeach the general reputation of defendant for being a peaceable and law-abiding citizen, without that issue having been thrust into the case by the defendant, whose sole province it was to make that an issue. We regard the rule as well and rightfully established in this State and its enforcement will prevent the conviction of those who are accused of a crime of which they are not guilty but are convicted on "general principles." The trial court having permitted the State over the objection and exception of appellant to impeach his reputation for peace and quiet, under the authorities below cited, the case must be reversed. State v. Beckner, 194 Mo. 281; State v. Richardson, 194 Mo. 326; State v. Wellman, 253 Mo. 202; State v. Hull, 20 L. R. A. 616 (notes).

WALKER, J.—Charged with murder in the first degree in having shot and killed George W. Booth in Bates county in April, 1913, appellant was, upon a trial, convicted of murder in the second degree, and his punishment fixed at ten years' imprisonment in the penitentiary. Following the usual procedure he brings his case here for review.

A statement of the facts as to the homicide is unnecessary on account of prejudicial error admitted by the Attorney-General in regard to the improper examination of certain witnesses.

The record in this regard, which is all we deem necessary to set forth, is as follows:

The appellant had testified in his own behalf. Counsel for the prosecution thereupon introduced witnesses, who, in addition to being interrogated as to appellant's reputation for truth and veracity and general bad character, were asked as to his reputation as a peaceable law-abiding citizen. He had not in any manner made this an issue in the case.

The general rule in regard to the admissibility of testimony to affect a defendant's credibility as a witness when he testifies in his own behalf, **Reputation for Peace.** is that the State may offer evidence showing his general reputation either for truth and veracity or for general bad character, although he may have offered no testimony as to his general reputation; but if he does not put his reputation for peace and quiet in issue by offering testimony relative thereto, evidence in regard to same cannot be introduced by the State. The reason adduced for the rule being that, while evidence is admissible to show appellant's bad character generally, as affecting his credibility, testimony as to his being of a violent or turbulent disposition is no evidence of such bad character, and hence inadmissible. This rule has met with the express approval of this court in State v. Beckner, 194 Mo. 281, and later in State v. Richardson, 194 Mo. l. c. 343..

It follows, therefore, that the admission of the testimony complained of was error and that this case should be reversed and remanded, and it is so ordered. All concur.